Peter GOLDBERG, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 9, Docket 27830.

United States Court of Appeals
Second Circuit.

Argued Sept. 23, 1964.

Decided Oct. 7, 1964.

**405**

tive, for a new trial. Rule 59, F.R.Civ.P. Plaintiff failed to show any prejudice caused by the absence of the operating surgeon. He had voluntarily withdrawn his claim for malpractice and had the testimony of his own medical expert both as to operative procedures and the X-rays.

Judgment affirmed.

Jacob Rassner, New York City, for plaintiff-appellant.

Philip A. Berns, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Robert M. Morgenthau, U. S. Atty., Leavenworth Colby, Morton S. Hollander, Louis E. Greco, Attys., Dept. of Justice, on the brief), for defendant-appellee.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

This is a civil non-jury case for damages claimed to have resulted from defendant's negligence. In open court plaintiff withdrew any claim for malpractice, leaving only the claim that plaintiff's injuries were caused by a fall from a defective wheel chair provided by defendant. The record amply supports the trial court's finding that the X-rays clearly establish that the slipping of the Smith-Peterson nail took place before plaintiff's alleged fall and that the alleged fall was not the proximate cause of the injuries which plaintiff claimed to have suffered.

The motion to strike defendant's answer made on the day of trial was properly denied. No request was made to take the testimony of the operating surgeon, Dr. Jackson, or for an adjournment of the trial.

Subsequent to trial, plaintiff moved to set aside the judgment or, in the alterna-